CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 19 2010

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GEORGE THEODORE FITZGERALD, ) <br> Plaintiff, ) | Civil Action No. 7:10-CV-00364 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| SHERIFF R. N. SPRINKLE, et al., ) <br> Defendants. ) | By: Samuel G. Wilson <br> United States District Judge |

Plaintiff George Theodore Fitzgerald, a pre-trial detainee proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Fitzgerald complains that while at Botetourt County Jail, he was moved from a "maximum security pod" to a single cell in the administrative housing unit. He argues that this is "unfair." The court finds that Fitzgerald's complaint is frivolous and, therefore, dismisses the suit pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Fitzgerald alleges that on June 7, 2010, he was moved from a "maximum security pod" at Botetourt County Jail to a single cell in the administrative housing unit at the same facility, "without doing anything wrong." In his new housing unit, he is restricted from using the telephone and television and from being around other inmates. He is also confined to his cell for 23 hours a day. Fitzgerald argues that his new housing assignment is "unfair" and causes him anxiety and stress. According to the responses to grievances that Fitzgerald submitted with his complaint, his current housing assignment is for his security because there are other people at the facility that he cannot be around. The grievance response also indicates that after Fitzgerald goes to court on September 23 and 24, 2010, the jail will review his security classification.

II.

Fitzgerald's allegation that his conditions of confinement in a single cell administrative

housing unit violates his constitutional rights fails. Claims concerning conditions of confinement imposed upon pretrial detainees are examined under the Due Process Clause of the Fourteenth Amendment as opposed to the cruel and unusual punishment prohibition of the Eighth Amendment, which applies to convicted inmates. See Bell v. Wolfish, 441 U.S. 520, 535-38 (1979). The Fourteenth Amendment proscribes punishment of a detainee prior to an adjudication of guilt, without due process of law. Id. "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Bell, 441 U.S. at 537. "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." Id. at 538. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Id. at 546. To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. Hill, 979 F.2d at 991 (citing Martin v. Gentile, 849 F.2d 863, 870 (4th Cir.1988)). As a practical matter, the contours of pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. See, e.g., Hill, 979 F.2d at 991-92 (medical needs).

While Fitzgerald's assignment to the single cell administrative housing unit may be inconvenient and uncomfortable, Fitzgerald has not alleged anything to suggest that his assignment

was intended to punish him. The responses to Fitzgerald's grievances, which he attaches to his complaint, indicate that not only was Fitzgerald placed in his current housing assignment for his own safety, but his housing classification will be re-assessed in a little over a month. Accordingly, the court finds that Fitzgerald has not demonstrated that his assignment to a single cell in the administrative housing unit is punitive or that it is not reasonably related to a legitimate, nonpunitive governmental objective. Therefore, Fitzgerald's claim concerning the conditions of his confinement fails.

### III.

To the extent Fitzgerald's allegations can be construed as a claim that his confinement in the single cell administrative housing unit constitutes a violation of his procedural due process rights afforded under the Fourteenth Amendment, it also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459 U.S. 460, 468 (1983);

Meachum v. Fano, 427 U.S. 215, 224 (1976). Therefore, the court finds that Fitzgerald's due process claim fails.

### IV.

Based on the foregoing, Fitzgerald's claims are dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 19th day of August, 2010.

_____
United States District Judge